UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E-Z BOWZ, L.L.C.,

                Plaintiff,

  -v-                                                      No. 00 Civ. 8670 (LTS)(GWG)

PROFESSIONAL PRODUCT RESEARCH
CO., INC.,

                Defendant.

---

PROFESSIONAL PRODUCT RESEARCH
CO., INC.,

                Third-Party Plaintiff,

  -v-

DEBORAH LEA CAVENDER, et al.,

                Third-Party Defendants.

---

MEMORANDUM ORDER

        Professional Product Research Co, Inc., ("PPR") seeks certification, pursuant to 28 U.S.C. § 1292(b), of an interlocutory appeal of certain of the Court's determinations in its March 8, 2005, Opinion and Order adopting three Reports and Recommendations issued by Magistrate Judge Gorenstein, and requests the Court stay all further proceedings in this matter pending the resolution of such an appeal. E-Z Bowz L.L.C. ("E-Z Bowz") opposes PPR's request for certification and also moves to strike portions of PPR's arguments in PPR's Reply Memorandum in support of the interlocutory appeal and the Declaration of Eugene C. Rzucidlo. Alternatively, E-Z Bowz requests permission to file a response to PPR's argument and affidavit.

The Court has considered throughly all parties' submissions and denies PPR's motion for certification of an interlocutory appeal and its motion to stay the proceedings. Accordingly, E-Z Bowz's motion to strike and, in the alternative, file a response memorandum is denied as moot.

BACKGROUND

On September 5, 2003, Magistrate Judge Gabriel W. Gorenstein issued three Reports and Recommendations ("Reports") relating to various motions that have been filed in this case, including various summary judgment motions ("Summary Judgment Report," docket number 168), Third-Party Defendants' motion to dismiss PPR's Third-Party Complaint ("Motion to Dismiss Report I," docket number 167), and PPR's motion to dismiss E-Z Bowz's complaint for failure to join an indispensable party. ("Motion to Dismiss Report II," docket number 169.)

Subsequent to the issuance of the Reports, objections to certain aspects of the Reports, as well as submissions related to those objections, were filed by the various parties to the instant litigation. After reviewing these objections and the Reports, the Court, on March 8, 2005, issued its Opinion and Order ("Order") adopting each of the Reports in its entirety. E-Z Bowz's motion for partial summary judgment was granted; PPR's motion for summary judgment was granted to the extent it sought a declaration that the '998 Patent was invalid and was denied in all other respects; Counts 1-4 and 6-7 of PPR's counterclaims were dismissed as to E-Z Bowz; PPR's previously filed motion to dismiss or, in the alternative, for summary judgment, was denied; Third-Party Defendants' motion to dismiss the Third-Party Complaint was granted; and PPR's motion to dismiss E-Z Bowz's complaint for failure to join an indispensable party was denied.

The issues remaining for trial are whether the '979 Patent is valid, and, if so, whether PPR infringed upon the Patent, and whether E-Z Bowz has a protectable interest in its claimed trade dress, and if so, whether PPR infringed upon that trade dress.

PPR now moves to certify nine issues for interlocutory appeal pertaining to the Order and to stay further action on the case pending the appeal. (PPR's Mem. in Supp. of Mot. for Cert., dated March 22, 2005, and PPR's Rep. Mem., dated April 18, 2005). The issues fall into four general categories: whether PPR has standing as to certain patent claims (issues 1, 2); whether particular patent claims are barred by prior sale (issues 3, 4); whether New York torts have been committed (5, 6, 7, 9); and whether a party was indispensable to the patent action (8).

## DISCUSSION

Although the general rule in federal courts is that appeals to the Circuit level lie only from final decisions of District courts (see 28 U.S.C.A. § 1291 (West 1993)), title 28 of the United States Code grants the Courts of Appeals jurisdiction of certain interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, he shall so state in writing in such order . . . . That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b) (West 1993). Interlocutory appeals under this section are an exception to the general policy against "piecemeal appellate review embodied in the final judgment rule, and only "exceptional circumstances [will] justify a departure from the basic policy of postponing

appellate review until after the entry of final judgment." K.Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)); See also Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2nd Cir. 1996) (per curiam) (collecting cases).

The district court has discretion in determining whether the three requirements of section 1292(b) have been met. See K.Martens, 238 F.Supp. 2d at 599. In determining whether the issue satisfies the first element of the test because it involves a "controlling question of law," district courts may consider whether reversal could result in dismissal of the action or significantly affect the posture of the case. Wausa Buisness Insurance Co. v. Turner Construction Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). "A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion under the second element." Id. In considering whether the third requirement has been satisfied, district courts should determine whether an appeal would hasten a start time for trial or shorten the length of time required for trial. Id. The Court will address each grouping of PPR's proposed appellate issues in turn.

PPR's Standing as to '997 and '733 Patents (Issues 1,2)

PPR asks the Court to certify the issue of whether PPR has standing as to claims 1-8 of the '979 Patent and the claims of the '733 Patent.[1] (PPR's Mem. in Supp. of Mot. for

---

[1] Although PPR's catalogue of its issues does not specifically address PPR's standing as to the '733 Patent, PPR's discussion clearly indicates that it intended to include that issue as one of the questions to be certified. (See PPR's Mem. in Supp. of Mot. for Cert. at 2-4.)

Cert. at 2.) The Order adopted Judge Gorenstein's conclusion that PPR lacks standing to challenge the validity of the '733 Patent and claims 1-8 of the '979 Patent. (Order at 7.) In particular, the Court found that "PPR has not offered evidence that it has ever made or taken concrete steps to make a device with three retaining members. Thus, PPR has not established that there has been an action by E-Z Bowz creating a reasonable apprehension on PPR's part that it will be subject to an infringement suit relating to the '733 Patent or claims 1-8 of the '979 Patent." (Id.)

PPR claims that the Order "ignores the fact that [PPR's] admittedly non-infringing product has been accused with infringement, or slandered, either extra-judicially or within the jurisdiction of the courts." (PPR's Mem. in Supp. of Mot. for Cert at 3.) PPR cites Electronics for Imaging, Inc. v. Coyle, 394 F.3d 1341 (Fed. Cir. 2005), to support the conclusion that the Court has jurisdiction over its declaratory judgment action as to the '733 Patent and claims 1-8 of the '979 Patent. In Electronics for Imagining, the Federal Circuit ruled that the defendant's numerous threats of multiple lawsuits alleging patent infringement were sufficient to create uncertainty in the mind of the plaintiff, as to a future lawsuit, to allow a declaratory judgment action against the defendant. Id. at 1346. Electronics for Imaging is easily distinguishable from the instant case. Here, there is no evidence of "numerous threats" of lawsuits from E-Z Bowz, creating a "shadow" of threatened litigation, concerning the three-member devices that are the subjects of the '733 Patent and claims 1-8 of the '979 Patent. E-Z Bowz's infringement allegations are limited to devices with two members, and claims 1-8 of the '979 Patent and the '733 Patent relate only to devices with three members. (Order at 6.) E-Z Bowz's complaint in this action does not even allege infringement upon the '733 Patent and PPR

points to no other ongoing activity in the relevant time frame, giving rise to a reasonable apprehension of litigation concerning its two-member device.   PPR  has failed to demonstrate a substantial ground for difference of opinion with the Court's analysis of PPR's standing as to the relevant patent claims.

PPR's "on sale bar" Argument as to Claims 9-10 of the '979 Patent (Issues 3, 4)

PPR asks the Court to certify the issue of whether the "on sale bar" invalidates claims 9-10 of the '979 Patent.  Under 35 U.S.C. section 102(b), a person is not entitled to a patent if the invention was on sale in this country "more than one year prior to the date of the application for patent in the United States." 35 U.S.C.A. § 102(b) (West 2001).  It is undisputed that the inventions in this case were offered for sale as of November 18, 1993, and that the application for the '979 Patent was filed on January 11, 1995. (Order at 8.)  In order for the '979 Patent to survive the "on sale bar," it must have acquired the October 7, 1993, filing date of the '618 Application, a similar device.  (Id. at 9.)  One of the requirements for acquiring the earlier filing date is that the new patent application have been filed before the abandonment of the first application.  See 35 U.S.C.A. § 120 (West 2001).  While the '618 Application was abandoned on November 26, 1994,  E-Z Bowz successfully revived the application in November 2002 for the limited purpose of achieving co-dependency with the '979 Patent.  (Decl. of Rzucidlo, dated April 18, 2005, Exh. B; See also PPR's Summary Judgment Exh. 25.) The Court found that this revival was sufficient evidence of co-dependency between the '979 Patent and the '618 Application to enable a reasonable jury to conclude that the '979 Patent acquired the filing date of the '618 Application thus avoiding the on-sale bar.  (Order at 10.)

PPR now argues, for the first time, that E-Z Bowz's eight-year delay in filing a petition for revival was intentional and therefore it should not enjoy the benefit of the earlier filing date. (PPR's Mem. in Supp. of Mot. for Cert at 3); 37 C.F.R.§ 1.137(b) (2005) (An application, once abandoned, can be revived "if the delay in reply by applicant or patent owner was unintentional.") Generally, issues not raised at the lower court level are not appropriate for appeal. Green Mountain Railroad Corp. v. Vermont, 404 F.3d 638, 644 n.3 (2d Cir. 2005); Miller v. Bolger, 802 F.2d 660, 666 (3rd Cir. 1986) ("We have refused to reach an issue posed by an order appealed under section 1292(b) where that issue was not addressed by the district court.") PPR failed to raise this delay argument in its initial summary judgment papers and in its objections to the Reports. Moreover, PPR's argument is not purely legal and turns on an issue of material fact – whether E-Z Bowz's delay in filing a revival was intentional; issues of fact are not appropriate for interlocutory appeal. See Chappell & Co. v. Frankel, 367 F.2d 197, 200 n.4 (2nd Cir. 1966) ("It is doubtful whether the denial of summary judgment when the applicable law is clear but there is a genuine issue as to a material fact can properly be certified under Section 1292(b), for that section is limited only to certifying an order involving a 'controlling question of law.'"); Harriscom Svenska AB v. Harris Corp., 947 F. 2d 627 (2d Cir. 1991). Accordingly, the Court finds that the issue of the "on sale bar" is not appropriate for interlocutory appeal.

PPR's Claim that New York Tort Law was Violated (Issues 5, 6, 7, 9)

PPR asks the Court to certify its appeal of the dismissal of certain New York common law counter-claims and third-party claims. In particular, PPR seeks certification of an interlocutory appeal of issues relating to its unfair competition, fraud/deceit, and tortuous

interference claims. (PPR's Mem. in Supp. of Mot. for Cert. at 2.)

PPR resorts to conclusory statements that generally reiterate arguments dealt with in the Reports and Order. To prevail on any of these New York tort claims, PPR would have to show bad faith on the part of E-Z Bowz. (Summary Judgment Report at 60-62.) In its Order, the Court found that PPR had not proffered sufficient evidence to show that E-Z Bowz acted with the requisite intent to survive summary judgment on these New York tort claims. (Id.) In its motion for appeal, PPR has failed to adduce new evidence or controlling case law that would demonstrate a substantial ground for difference of opinion with the conclusions of the Order regarding the New York tort claims.[2]

PPR's Claim that a Party was Indispensable (Issue 8)

PPR asks the Court to certify the issue of whether a joint owner of a the '979 Patent was an indispensable party to this action. (PPR's Mem. in Supp. of Mot. for Cert. at 2.) PPR argues that the absence of Tina Lucille Benton Slater, co-owner of the '979 Patent, warrants dismissal of the action. (Id. at 15.) In particular, PPR argues that E-Z Bowz did not comply with the notice requirements under 35 U.S.C. section 287. (PPR's Mem. in Supp. of Mot. for Cert. at

---

[2] PPR's final issue for certification (number nine) serves as a catch-all for any non-enumerated counterclaim against E-Z Bowz and for all Third-Party Defendant claims. (PPR's Mot. for App. at 2, 14.) PPR provides no argument for why certification should be granted on these issues. It simply asserts that "[c]onsistent with the balance of this motion, [PPR's] request for certification would encompass all of its other counter-claims and third-party claims resting on findings requiring bad faith or conspiracy to commit torts." (Id. at 14.) As PPR has failed to demonstrate that certification of its appeal on the New York tort issues discussed in the text is appropriate, its generalized application in Issue Nine is denied as well.

15.) PPR made the same argument in its objections to the Reports. (Order at 38.) At that time, the Court denied PPR's motion because PPR had "not shown that E-Z Bowz failed to properly mark its products in accordance with the first sentence of § 287(a)." (Id. at 38.) Nothing in PPR's analysis raises substantial ground for difference of opinion or a controlling issue of law warranting an immediate appeal on the issue of whether E-Z Bowz failed to include an indispensable party.

CONCLUSION

PPR has failed to demonstrate the requisite substantial ground for difference of opinion as to any of its proposed appellate issues. Nor has it demonstrated that any of them is a controlling issue within the meaning of relevant law. To be sure, the outcome on any given issue would control the outcome on that issue: PPR's tautological reasoning does not, however, address the relevant standard. Rather, PPR had the burden of demonstrating that its issues were potentially case-dispositive or would put the case in a posture for significantly more efficient resolution. This it did not, and cannot, do. As PPR acknowledges in its papers, there will be at least one trial and at least one appeal, no matter whether the instant application is granted, and this Court doubts not that a post-trial appeal is likely no matter what the outcome of an interlocutory appeal might be. Rather than carrying the potential for obviating the need for a trial in this case, PPR's proposed interlocutory appeal would only, if successful, make the already certain trial more complex. PPR has thus failed to demonstrate that it can meet the first two section 1292(b) elements. The foregoing discussion also makes it plain that PPR fails to meet the third element– demonstration that an immediate appeal may materially advance the ultimate

termination of litigation.

For the foregoing reasons, PPR's motion for certification of interlocutory appeal its motion to stay proceedings is denied. E-Z Bowz's motion to strike and, in the alternative, file a Response Memorandum are denied as moot.

SO ORDERED.

Dated: New York, New York
September 21, 2005

LAURA TAYLOR SWAIN
United States District Judge